UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------X
JEFFREY PRESCIA                  |

                                     |

               Plaintiff,       |        10cv2518 (KMW)

                                     |

     -against-             |        <u>OPINION AND ORDER</u>

                                     |

UNITED STATES LIFE INSURANCE   |
COMPANY in the CITY OF NEW YORK  |

                                   |

             Defendant.     |
----------------------------------------------------X

Wood, U.S.D.J.:

      Plaintiff Jeffrey Prescia ("Plaintiff") has moved to remand this case to state court. For the reasons that follow, the motion is granted.

**I.**     <u>**Facts**</u>

      A.     <u>Background</u>

      Plaintiff was a commodities trader working at the New York Board of Trade in New York, New York. (Levy Decl. ¶ 5.) Defendant United States Life Insurance Company ("USL" or "Defendant") is a corporation organized and existing under the laws of the State of New York and having its principal place of business at 70 Pine Street, New York, NY. (Notice of Removal ¶ 17.) USL issued disability income benefits coverage to Plaintiff under the New York Mercantile Exchange, Qualified Association and Organization Trust (the "USL Policy"). (Levy Decl. ¶ 7.) USL paid benefits to Plaintiff for approximately four years before it terminated payments in September 2008. (Pl. Letter Oct. 12, 2010.)

      On March 13, 2009, believing that USL breached the USL Policy by terminating his disability benefits, Plaintiff commenced a civil action against Defendant in the

Supreme Court for the State of New York, County of New York.  (Levy Decl. ¶ 15; Notice of Removal Ex. A.)  At the time that the action was commenced, Plaintiff believed he was owed $5,000 monthly benefits for the period of October 2008 to March 2009, totaling $30,000.  (Levy Decl. ¶ 15.)  On January 28, 2010, Defendant served Plaintiff a Request for Admission ("the Request"), demanding that Plaintiff admit the amount in controversy, and asking whether "the damages sought by Plaintiff's Complaint exceeded $75,000."  (Id. at ¶ 16.)  On February 25, 2010, Plaintiff responded that the amount in controversy at the time he filed the complaint did not exceed $75,000.  Plaintiff further responded that the amount of damages, having accrued since the filing of his complaint, now exceed $75,000. (Id. at ¶ 17.)

> B.      Notice of Removal

On March 19, 2010, more than one year after the commencement of the state court litigation, Defendant filed a Notice of Removal, removing this action from the Supreme Court for the State of New York, County of New York to the United States District Court for the Southern District of New York.  See Notice of Removal, D.E. # 1.

In the Notice of Removal, Defendant described the action as "one over which this Court has original jurisdiction under 28 U.S.C. § 1332 due to diversity of citizenship of the parties," and therefore "removeable to the United States District Court pursuant to 28 U.S.C. §1441(a)."  (Notice of Removal ¶ 1.)  Defendant described itself as a corporation organized under the laws of the State of New York, having its principal place of business at 70 Pine Street, New York, New York.  (Id. at ¶ 17.)

Defendant acknowledged that the amount in controversy when the action was commenced was $30,000.  (Id. at ¶ 8.)  Defendant argued, however, that "[b]ecause the

amount in controversy was not established to be in excess of the jurisdictional threshold of this court until receipt of Plaintiff's responses to Request to [sic] Admissions on February 25, 2010, the period during which the case could be removed to this Court did not begin until that point."  (<u>Id.</u> at ¶ 11.)

On March 23, 2010, Plaintiff wrote to Defendant asking that Defendant withdraw the Notice of Removal because it "fails to comply with each and every element required to remove an action to Federal Court . . . ."  (Pl. Letter March 23, 2010.)  On March 26, 2010, Plaintiff requested leave to file a Motion to Remand, based on lack of diversity, amount in controversy, and timeliness of removal.  (Pl. Letter March 26, 2010.)  After additional correspondence, this Court granted Plaintiff leave to file a Motion to Remand.

        C.        <u>Motion to Remand</u>

On April 15, 2010, Plaintiff filed a Motion to Remand in which he argues, *inter alia*, that removal was improper because Defendant is a citizen of the forum state from which the action was removed.  (Pl. Mem. at 6.)  Plaintiff also asks for costs and attorney's fees associated with Defendant's improper removal.  (<u>Id.</u> at 14-15.)

In response, Defendant consents to remand, explaining that, "[u]pon … receipt and review of plaintiff's submission and consideration of the statute and applicable case law cited by plaintiff, USL recognized the merit of plaintiff's new argument regarding removal[,]" namely, lack of diversity jurisdiction due to USL being a citizen of the forum state from which the action was removed.  (Lesko Decl. ¶¶ 9-10.)  Defendant, however, objects to Plaintiff's demand for attorney's fees and costs, arguing that Plaintiff "did not articulate the basis for this request besides generally stating that removal was improper based on amount in controversy, diversity of the parties, and timeliness" and therefore, did

not "afford[] United States Life a reasonable opportunity to consider the demand … ."

(Def. Opp. at 2.)


**II.**   <u>**Analysis**</u>

    A.   <u>Remand to State Court</u>

Defendant has acknowledged in its papers that this case was improperly removed

and should be remanded.

28 U.S.C. § 1441(b) provides that

> [a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. <u>Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.</u>

28 U.S.C. § 1441(b) (emphasis added).  <u>See also</u> <u>Shapiro v. Logistec USA, Inc.</u>, 412 F.3d

307, 309 (2d Cir. 2005) ("[A]n action is not removable if the district court's original

jurisdiction is based on diversity of citizenship and any of the defendants is a citizen of the

State in which such action is brought.") (quotations omitted).

Defendant's Notice of Removal alleges diversity jurisdiction as its grounds for

removal, but also states that Defendant is "a corporation organized under the laws of the

States of New York and having its principal place of business at 70 Pine Street, New York,

New York."  (Notice of Removal, ¶ 17.)  Defendant is a citizen of New York, the state in

which this action was brought.  Removal was thus improper.

Accordingly, the Court ORDERS that this action be REMANDED to the Supreme

Court for the State of New York, County of New York.

    B.   <u>Attorney's Fees and Costs</u>

"In remanding a case to state court, the federal courts are authorized to award costs against the removing party pursuant to 28 U.S.C. § 1447(c),[1] and may properly do so where a removal is effected in bad faith or is predicated upon a diversity of citizenship that clearly does not exist." <u>Syms, Inc. v. IBI Sec. Service, Inc.</u>, 586 F. Supp. 53, 56-57 (S.D.N.Y. 1984). "The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 140 (2005).

Here, the Court is authorized to award costs and attorney's fees against the Defendant because removal was "predicated upon a diversity of citizenship that clearly does not exist." <u>Id.</u>   Defendant is a citizen of the state in which this action was brought. Even the most basic of research would have revealed that this Court does not have jurisdiction over this action.

Defendant suggests that Plaintiff should have been more specific in articulating his objection to removal. (Def. Op. at 2.)  Defendant is wrong in two respects.  First, it was the obligation of <u>Defendant</u>, not <u>Plaintiff</u>, to ensure that removal was proper.  Second, even if that were <u>not</u> the case, Plaintiff was specific in articulating his objection to remand:

---

[1] 28 U.S.C. § 1447(c) states the following:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446 (a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

Plaintiff informed Defendant that "this action does not meet the diversity of citizenship requirements necessary to remove an action." (Pl. Letter March 26, 2010.)

Defendant also suggests that costs and fees should not be assessed against it because Plaintiff did not give Defendant an adequate opportunity to respond to Plaintiff's arguments.  (Lesko Decl. ¶ 6.)  However, between Plaintiff's March 23, 2010 letter demanding that Defendant withdraw his notice of removal, and April 15, 2010, when Plaintiff filed motion to remand, Defendant had the opportunity to respond to Plaintiff and did not do so.  Moreover, Defendant did not consent to remand until April 27, 2010 – more than one month after Plaintiff's letter and two weeks after Plaintiff's motion to remand. [2] (Lekso Decl. at ¶ 12.)

Accordingly, the Court awards to Plaintiff reasonable attorney's fees and costs incurred with respect to this motion.[3]   See Four Key Leasing & Maintenance Corp. v, Simithis, 849 F.2d 770, 774 (2d Cir. 1988) (awarding fees after finding a removal petition to be "plainly frivolous" due in part to an obvious lack of diversity jurisdiction).

Plaintiff has submitted an application for costs and fees as an attachment to his declaration in reply.  (See Levy Reply Decl. ¶ 22 & Ex. A.)  If Plaintiff wishes to supplement its application, it shall file its supplemental application by Friday, November 5, 2010, at 5:00 p.m.  Any response from Defendant regarding the amount of Plaintiff's costs and fees shall be submitted to the Court by Thursday, November 11, 2010, at 5:00 p.m.

---

[2] Plaintiff alleges that he is disabled and does not work.  The Court is thus cognizant of the fact that the delay caused by Defendant's improper removal may have been particularly prejudicial to Plaintiff.

[3] Because the Court can award attorney's fees and costs where a removal is "predicated upon a diversity of citizenship that clearly does not exist[,]"  the Court need not discuss other possible deficiencies in Defendant's notice of removal related to amount in controversy and timeliness.  Syms, Inc., 586 F. Supp. at 56-57.

III.    **Conclusion**

The case is hereby REMANDED to the Supreme Court for the State of New York,

County of New York.  The Court retains jurisdiction over this matter only to the extent

necessary to consider the issue of costs and attorney's fees.

SO ORDERED.

Dated: New York, New York
          October **28**, 2010

Kimba M. Wood
United States District Judge

7