```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JEFFREY PRESCIA                              |
                                             |
                    Plaintiff,               |    10cv2518 (KMW)
                                             |
        -against-                            |    OPINION AND ORDER
                                             |
UNITED STATES LIFE INSURANCE                 |
COMPANY in the CITY OF NEW YORK              |
                                             |
                    Defendant.               |
-------------------------------------------------------X
```

KIMBA M. WOOD, U.S.D.J.:

      On October 28, 2010, the Court remanded this case to the Supreme Court for the State of New York, County of New York. In so doing, the Court awarded Plaintiff reasonable attorneys' fees and costs incurred with respect to Plaintiff's Motion to Remand, pursuant to 28 U.S.C. § 1447(c). The Court maintained jurisdiction over this matter only to the extent necessary to consider the issue of costs and attorneys' fees. (See Opinion & Order, Dckt. Entry No. 18.)

      Defendant has moved for reconsideration of the Court's October 28, 2010 order granting Plaintiff costs and attorneys' fees incurred in connection with Plaintiff's Motion to Remand. (See Defendant's Memorandum of Law in Support of its Motion for Reconsideration, Dckt. Entry No. 21.) Defendant has also filed a Memorandum of Law Opposing Plaintiffs' Application for Costs and Attorneys' Fees. (See Dckt. Entry No. 19.)

      For the reasons that follow, Defendant's motion for reconsideration is DENIED, except that attorneys' fees are reduced to $10,000.00.

I.    **Legal Standard on Motion for Reconsideration**

1

Federal Rule of Civil Procedure 54(b) provides that a court's order or decision "is subject to revision at any time before the entry of judgment." A party to the action can request a revision by filing a motion for reconsideration. Fed. R. Civ. 54(b); S.D.N.Y. Local Civ. R. 6.3.

"Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (quoting In re Health Mgmt. Sys., Secs. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). "Whether to grant or deny a motion for reconsideration . . . is in the sound discretion of a district court judge." Greenwald v. Orb Communications & Marketing, Inc., No. 00 Civ.1939, 2003 WL 660844, at * 1 (S.D.N.Y. Feb. 23, 2007) (internal quotation marks and citation omitted).

A district court should limit Rule 54(b) revisions to instances in which "there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 167 (2d Cir. 2003). A party moving for reconsideration must set forth "the matters or controlling decisions which [it] believes the court has overlooked." S.D.N.Y. Local Civ. R. 6.3. The party must demonstrate that "the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (citation omitted). Courts should not grant a motion for reconsideration in order to allow a party to "advance new facts, issues or arguments not previously

presented to the Court." Brown v. Barnhart, No. 04 Civ. 2450, 2005 WL 1423241, at *1 (S.D.N.Y. June 16, 2005).

II.  **Analysis**

  A.  The Awarding of Attorneys' Fees and Costs

With respect to the Court's October 28, 2010 order awarding Plaintiff costs and attorneys' fees incurred in connection with Plaintiff's Motion to Remand, Defendant has presented no legal or evidentiary basis for reconsideration.

Defendant's chief argument in its motion for reconsideration is that its removal of the matter to federal court was "an inadvertent oversight and honest mistake on the part of [the Defendant]." (Def. Mem. Dckt. Entry No. 21, at 1.)  Defendant "wants to make clear that it did not file its removal petition without the upmost good faith that the removal was proper." (Id.)  Defendant emphasizes that it followed the discovery schedule, produced representatives for depositions, and responded promptly after it realized that the requirements of diversity jurisdiction were not met. (Id. at 2-3.)

The Supreme Court has held that a court may award attorneys' fees when the party removing an action to federal court lacked an objectively reasonable basis for seeking removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  "Bad faith on the part of the removing party is not necessary in order for the non-removing party to recover fees." Arabesque v. Capacity LLC, No. 07 Civ. 2042, 2008 WL 681459, at *2 (S.D.N.Y. Mar. 10, 2008).  Indeed, "the Second Circuit has emphasized the objective nature of the inquiry, observing that the statute authorizing recuperation of fees and costs incurred in defending against removal actions 'makes no reference at all to the state of mind or intent of the party removing the action, instead focusing . . . on the mere absence of subject

3

matter jurisdiction.'" G&H Partners AG v. Wextrust Capital, LLC, No. 07 Civ. 9803, 2008 WL 65102, at *2 (S.D.N.Y. Jan. 4, 2008) (quoting Morgan Guar. Trust Co. v. Republic of Palau, 971 F.2d 917, 923 (2d Cir.1992)).

Thus, although the Court accepts Defendant's assertion that it was operating in good faith when it removed this action to federal court, the Court must focus "on the mere absence of subject matter jurisdiction." (Id.)  Here, it is clear that Defendants did not have a reasonable basis for removal, because removal was "predicated upon a diversity of citizenship that clearly does not exist."[1] Syms, Inc v. IBI Sec. Service, Inc., 586 F. Supp. 53, 56-57 (S.D.N.Y. 1984).

Moreover, in making a determination of whether to award attorneys' fees incurred in connection with a Defendant's improper removal, "courts apply a test of overall fairness given the nature of the case, the circumstances of the remand, and the effect on the parties." Dacey v. Morgan Stanley Dean Witter & Co., 263 F. Supp. 2d 706, 712 (S.D.N.Y. 2003) (citations omitted).   Here, (1) Plaintiff sent notice to opposing counsel that removal was improper due to lack of diversity jurisdiction, failure to meet the amount in controversy requirement, and timeliness; (2) Defendant removed the action anyway; (3) Defendant did not consent to remand until one month after receiving notice of the defect in diversity jurisdiction; and (4) Plaintiff alleges that he is disabled, therefore making any

---

[1] In fact, Defendant continues to demonstrate confusion about the jurisdictional requirements governing removal, stating that it "realized that the diversity requirements of 28 U.S.C. § 1335 were not met . . . ." (Def. Mem. Dckt. Entry No. 21, at 3.)  However, Section 1335 has no application to the removal of actions to federal court.

potential delay particularly prejudicial to Plaintiff.  For these reasons, the Court finds it fair to award Plaintiff attorneys' fees and costs. [2]

B. The Amount of Attorneys' Fees and Costs

Defendant also contends that, even if granted, Plaintiff's application for fees and costs is unreasonable and excessive. (See Defendant's Memorandum of Law Opposing Plaintiff's Application for Costs and Attorney's Fees under 28 U.S.C. § 1447(c), Dckt. Entry No. 19.)

"The amount of costs to be awarded – or whether to award costs at all – is entirely in the discretion of the court." Arabesque, 2008 WL 681459, at *2 (citing Morgan Guaranty Trust, 971 F.2d at 924).

Plaintiff's counsel alleges that he incurred $11,200.00[3] in attorney's fees and costs, directly related to Defendant's improper removal, and has submitted an application detailing these expenses. (Levy Reply Decl. Exh. A.)  Defendant raises several objections to the application.

First, Defendant argues that awards of attorneys' fees and costs under 28 U.S.C. § 1447(c) typically amount to a few thousand dollars, "not the ten thousand dollar award sought by Plaintiff."  (See Def. Mem. at 4.)  However, Defendant does not cite to any rule capping fees at a particular amount.  Instead, Defendant simply cites to four decisions

---

[2] This is true notwithstanding that the Court accepts Defendant's assertion that it operated in good faith, and Defendant's claim that it "immediately prepared and forwarded to Plaintiff's counsel a proposed unconditional consent order." (Defendant's Nov. 23, 2010 Letter, Dckt. Entry No. 23.)

[3] Plaintiff's counsel originally alleged that he incurred $10,412.50 in costs and fees (29.75 hours of work at $350.00 per hour).  However, Plaintiff's counsel now requests an additional $787.50 in costs and fees, alleging that it took him an additional 2.25 hours (at $350 an hour) to respond to Defendant's Motion for Reconsideration.  (See Plaintiff's Memorandum of Law in Opposition to Motion for Reconsideration, Dckt. Entry No. 22.)

granting awards in the $5,000-$7,000 range, and omits any reference to decisions granting awards similar to, or higher than, the one being sought by Plaintiff.  See e.g, Citigroup, Inc. v. Wachovia Corp., 613 F.Supp.2d 485, 497 (S.D.N.Y. 2009) (awarding $10,000 in attorneys' fees after it was clear that defendant was on notice that plaintiff's complaint raised no federal question, yet, defendant proceeded to remove the action and oppose remand); Alveranga v. Winston, No. 04 Civ. 4356, 2007 WL 595069 (E.D.N.Y. Feb. 22, 2007) (awarding plaintiff $10,767.60 in fees and costs pursuant to § 1447(c)).

Next, Defendant objects to some of the entries on Plaintiff's application for fees and costs as being "block billed" and "duplicative," and objects to other entries as work "that could have been performed by an associate or a paralegal," or work that "would not be considered attorneys' fees and not billed to the client as such." (Def. Mem. at 6-7.)

As a result of Defendant's improper removal, Plaintiff's counsel has been forced to file multiple letters with the Court, a Motion to Remand, a Reply to Defendant's Opposition to Fees and Costs Associated with the Motion to Remand, and, most recently, an opposition to Defendant's Motion for Reconsideration and Defendant's Memorandum of Law Opposing Plaintiff's Application for Costs and Attorney's Fees under 28 U.S.C. § 1447(c).  The Court therefore recognizes why Plaintiff has been forced to dedicate so many hours to this matter.

However, the Court agrees with Defendant that entries such as "collate appendix of cases" and "check Court website for updates" are entries that "would not be considered attorneys' fees and not billed to the client as such."  (Levy Reply Decl. Exh. A; Def. Mem. at 6-7.)  The Court also agrees that entries such as "download & review court rules, Judge & MJ rules" could have been done by a paralegal or some other employee who does not

bill at the rate of $350.00 per hour. Finally, the Court acknowledges that Defendant consented to remand – albeit not as soon as it should have – rather than opposed remand.

Taking all of this into account, the Court believes that an award of $10,000 in attorneys' fees and costs is fair and reasonable.

SO ORDERED.[4]

**The Clerk of Court is directed to close this case. Any pending motions are moot.**

Dated: New York, New York
        January **5**, 2011

*/s/ Kimba M. Wood*
Kimba M. Wood
United States District Judge

---

[4] This case has already been remanded to the Supreme Court for the State of New York, County of New York. The Court retained jurisdiction over this matter only to the extent necessary to consider the issue of attorneys' fees and costs, which it has done with this order.